TARTAR, Respondent, *v.* HALL, Appellant.

A party is not allowed to controvert the declaration he has made by deed.

The defendant bought of the plaintiff, a pre-emption right to a tract of land, the title to which was in the United States, took a deed for it, and gave his note for the purchase-money, secured by his mortgage of the premises conveyed. The plaintiff brought suit for the recovery of the note and mortgage, and defendant pleaded want of consideration. Held, that the mortgage operated an estoppel to the defence set up.

APPEAL from the Ninth Judicial District.

This action was brought for the recovery of a promissory note, dated the 28th October, 1852, for $1864, payable March, 1853, from defendant to plaintiff; and the complaint sets forth a mortgage of the same date, for securing the payment of the said note, on the day specified, which mortgage is a lien upon the land described, "a pre-emption claim of 160 acres of land, subject to the survey of the government," and which was on the day of the execution of the said mortgage, transferred by the plaintiff to the defendant; and which contains a power to plaintiff to sell the said described premises, and apply the proceeds thereof to the payment of the said note; and prays judgment for the amount of the said note, and interest, for a receiver, and that the said premises may be sold to pay the same.

Defendant answered and admitted the making and delivery of the promissory note in the complaint mentioned to the plaintiff, and that the same had never been paid; but denied that the same was so executed and delivered for any consideration which is valuable in law, and insists that he is not liable for the same; and denies that the said mortgage was or is a lien upon the said tract of land; and avers that at the time of the conveyance thereof, the plaintiff did not possess any right, title, estate, or interest in the same, and had no power or authority to convey the same, and had no pre-emption right to the same, or to any part thereof; that said lands were not a part of the public lands of the United States, but were and are a part of a tract of land

included in a grant from the government of California, while it formed a part of the Mexican Republic, to one Peter Lassen, issued in the year 1844 or 1845, and is still claimed by him or his grantees; and therefore that the consideration of the said promissory note, and the said mortgage, has entirely failed, and defendant insists he is not bound to pay the same, nor liable therefor; and prays that the plaintiff be decreed to surrender up the said promissory note, and to satisfy of record the said mortgage.

The court, sitting as a jury, found that the plaintiff executed and delivered a conveyance to the defendant, of 160 acres of land, *belonging to the United States,* described, as laid in the complaint, and delivered possession thereof to the defendant, and found the promissory note as laid; and that there was no other consideration for said note than the said conveyance, and also the mortgage as laid, and that the note was unpaid.

That the land had been claimed by Peter Lassen, and his grantees, under a Mexican grant of 1844, but the boundaries not having been proved, it does not appear to the court that the said land is embraced within the limits of the said grant.

The court, therefore, find the following conclusions of law: That the want of title in the plaintiff to the lands conveyed, by reason of the fact that they belong to the United States, cannot avail the defendant as a defence to the said note, such defence not having been set up in the answer of the defendant; and that the defence set up that the said lands are a part of land claimed by Peter Lassen, under a Mexican grant, cannot avail, the boundaries of said grant not having been proved, nor that the grant had ever been confirmed.

Whereupon judgment was rendered for the plaintiff, for $1864, with interest from March 1, 1853, and costs. And it was ordered that the property described in the complaint be sold, and the proceeds applied in payment of the said judgment, and execution for the balance, if any.

The conclusions of law were all excepted to, and defendant appealed.

*Field,* for appellant.
There was no Act of Congress extending the pre-emption sys-

tem over California, at the time the note was given.   A settlement on lands of the United States, previous to a sale or lease by the United States, works a forfeiture.   Gord. Dig. 642, art. 2267.

By the State law, a party is only protected in his possession. He has no right which he can convey or mortgage.   It is a mere police regulation affecting the person.   *Quære*, if under sect. 5, he could maintain any action for the possession?   Laws of 1852, p. 159; 2 Bags. S. C. Rep. 76; Knapp's Lessee, 3 Pick. 457; 11 Con. 432; 14 Pick. 295; 11 Johns. 50 ; 1 Ser. & Raw. 447; 4 New Hamp. 448; 14 Pick. 217; Sto. Prom. Notes, sect. 187, 190; Statutes of 1850, p. 333, sect. 5.

Delivery of possession constitutes no valuable consideration. Plaintiff was a trespasser himself.   Gord. Dig. 642; 5 Purd. 98; 1 Spear Rep. 125; 3 Pick. 458.

It would have been bad pleading, to set forth in the answer, the *evidence* that the note was without consideration; a valuable consideration is denied in the answer, and defendant insists that he is not therefore liable.

The Act of Congress, passed 1853, excepts from pre-emption, "lands *claimed* under any foreign grant or title."   The *claim* of Peter Lassen, under his Mexican grant, was, therefore, sufficient to defeat this action.

*Rowe* and *Dun*, for respondent.

Contracts under seal are valid without consideration : 8 Mass. 162, 200; 2 Noys, 159; 9 Mass. 124.   Executed contracts carry with them the evidence of consideration : 11 Pick. 146; 15 Mass. 171; 14 Pick. 293; 3 Pick. 452; 2 Greenl. 390.

An injury to the party making, and a benefit to the party receiving, will support a promise : 1 Caine, 45; 6 Mass. 58; 2 Pick. 182; 6 Yerger, 508.

Consideration on sale of land, quit-claim, &c., see 5 Greenl. 435; 2 Fairfield, 381; 11 Wheat. 258; 5 Burr. 2069; 16 Mass. 332.

Quit-claim to public lands is a good consideration for a promise to pay money : Illinois Rep. 270 ; Snyder *v.* Leframboise, 3 Scammon, 387 ; 2 Scam. 505; 3 Scam. 428, 503; Greenl.

352; 2 Blackford, 123; 1 Yates, 483; Green's Iowa Rep. 409, 410.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

The mortgage executed by the defendant, operates an estoppel to the defence he has set up; according to well-established principles of public policy, for the security of good faith and fair dealing, a party is not allowed to controvert the declarations which he has made by deed, or to deny the enforcement of rights which he has thus attempted to confer.

Judgment affirmed.