[No. 5489.]

GEORGE PARRY v. SERAPH A. KELLEY ET AL.

MORTGAGE BY WIFE ON COMMUNITY PROPERTY. — If real estate is purchased with community property, but is deeded to the wife, a mortgage given by her on the same creates no lien.

IDEM. — Although a mortgage given by the wife on community property creates no lien, yet the mortgage is not void in the extreme sense; and if the husband afterwards dies and the wife inherits the property, the mortgage becomes a lien on the interest thus inherited by the wife, subject to the payment of the debts of the estate.

APPEAL from the District Court, Third Judicial District, County of Alameda.

In 1872, Cephas Kelley and Seraph A., one of the defendants, were husband and wife, and purchased a lot in Oakland in the name of the wife, but paid for it with community funds. In 1873, the plaintiff loaned the husband money, and to secure the same the wife gave him a mortgage on the lot. When the wife gave the mortgage, she told the plaintiff that the lot was " her property, bought with money she had earned in the practice of medicine." On the 30th of April, 1875, the husband died intestate, leaving surviving him the wife and two infant children, who are made defendants here. This was an action to enforce the lien of the mortgage. The Court gave judgment for the defendants, and the plaintiff appealed.

The other facts are stated in the opinion.

*C. A. Tuttle*, for the Appellant.

It does not appear that there is an administration on the estate, or that there ever will be, or that there are any debts. The Court was not called on to decide whether it would enforce the mortgage against an administrator. A decree for plaintiff would not bind an administrator if one should hereafter seek to sell the property for debts. As the matter appears of record, the plaintiff can defeat the mortgage, and rest on her title as an heir, and never administer. Judgments rendered against a person in one capacity will not estop him when he sues in another

capacity. (*Robinson's Case*, 5 Esp. 32; *Dutchess Kingston's Case*, Smith's Leading Cases, Vol. 2; Com. Dig. Estop. C.)

The wife, at the death of the husband, inherited one-third of the property. This after-acquired title feeds the mortgage, and is subject to it, and we should have had a decree for that much of the property, at least. (Civil Code, sec. 2930; *Clark* v. *Baker*, 14 Cal. 630.)

*J. Clark*, for the Respondent.

This land being community property, it could not be incumbered by a mortgage executed by the wife alone; for by sec. 167, Civil Code, it is enacted that " the property of the community is not liable for the contracts of the wife made after marriage, unless secured by a pledge or mortgage thereof executed by the husband."

By the COURT:

While it is clear that the mortgage executed by Mrs. Kelley created no lien on the community property, it was not void in the extreme sense. Sec. 158 of the Civil Code provides that " either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might if unmarried; subject in transactions between themselves to the general rules which control the acquisitions of persons occupying confidential relations with each other, as defined by the Title on Trusts." Mrs. Kelley was, therefore, as competent in law to execute a mortgage as though she had been at the time a *femme sole;* and while she may then have had no title to the mortgaged premises on which she could create a lien, it does not follow that the mortgage was void as a contract between the mortgagor and mortgagee. It stands on the same footing as a mortgage made by any other person on property to which he had, at the time, no title. But though the mortgagor had no title at the date of the mortgage, yet if he subsequently acquired the title, the mortgage, under our Code, attaches to the subsequently acquired title. Sec. 2930 of the Civil Code provides that " title acquired by the mortgagor

subsequent to the execution of the mortgage inures to the mortgagee as security for the debt, in like manner as if acquired before the execution." In the present case, while the Court finds that the mortgaged premises were community property at the date of the mortgage, and that for that reason the mortgage, when made by the wife, created no lien upon them, it also finds that the husband subsequently died intestate, leaving, surviving him, the wife and two infant children. The complaint avers that no administration has been granted on his estate, and this averment is not denied by the answer. On the death of the husband, the wife became entitled to an interest in the common property, subject to the payment of the debts of the estate; and under sec. 2930 of the Civil Code above quoted, the interest thus acquired "inures to the mortgagee as security for the debt."

Judgment reversed, and cause remanded for a new trial.