[S. F. No. 1457. Department Two.—November 1, 1900.]

PETER J. FREIERMUTH, Appellant, v. WINIFRED STEI-GLEMAN, Respondent.

HOMESTEAD—MORTGAGE BY WIFE TO HUSBAND—ESTOPPEL.—Under sections 1242 and 1243 of the Civil Code, community property on which a homestead has been declared cannot be mortgaged by the wife to her husband, to secure an indebtedness from her to him, by a mortgage in which she alone joins. Such a mortgage is void, even in the hands of an assignee, and the wife is not estopped to deny its invalidity.

APPEAL from a judgment of the Superior Court of Santa Cruz County and from an order denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion.

Julius Lee, and Frank J. Murphy, for Appellant.

Charles B. Younger, and Lindsay & Cassin, for Respondent.

CHIPMAN, C.—Foreclosure. The court found on sufficient evidence that defendant and one Jacob Steigleman, for many years prior to April 25, 1876, and thenceforward were, and now are, husband and wife; that on July 9, 1892, defendant made and delivered her promissory note to her husband, and to secure the same executed at the same time a mortgage on certain four separate tracts of land; that long prior thereto, to wit, on April 25, 1876, defendant in due form of law executed and recorded her declaration of homestead on the first three of the tracts embraced in the mortgage, and that they were the community property of the husband and wife; that defendant's husband did not join in making this mortgage or the note; that on December 10, 1892, Jacob assigned the note and mortgage to plaintiff. The court made a decree foreclosing the mortgage as to the fourth tract, but found that plaintiff was not entitled to a decree of foreclosure as to the first

three tracts.    The appeal is from the judgment and from an
order denying plaintiff's motion for a new trial.

The sole question presented is, Did the mortgage convey
these homesteaded lands as security for the note?

Section 158 of the Civil Code provides that: "Either hus-
band or wife may enter into any engagement or transaction
with the other . . . . which either might do if unmarried,"
etc.    Undoubtedly, the wife may ordinarily mortgage her sepa-
rate property to her husband.

It has been held that although the wife cannot create a lien
on the community property by mortgage, yet the mortgage is
not void in the extreme sense; and if the husband afterward
dies and the wife inherits the property, the mortgage becomes
a lien on the interest thus inherited by the wife, subject to
the payment of the debts of the estate.    (*Parry v. Kelley,* 52
Cal. 334.)    But we have no such case here.    Where the com-
munity property is impressed with the character of the home-
stead, it cannot be conveyed or encumbered unless the instru-
ment by which this is attempted to be done is executed by
both husband and wife (Civ. Code, sec. 1242); nor can the
homestead be abandoned except by a declaration of abandon-
ment or grant thereof, "executed and acknowledged by the hus-
band and wife, if the claimant is married."    (Civ. Code, sec.
1243; *Gleason v. Spray,* 81 Cal. 217; *Beaton v. Reid,* 111 Cal.
484; *In re Lamb,* 95 Cal. 397; *Security Loan etc. Co. v. Kauff-
man,* 108 Cal. 214; *Merced Bank v. Rosenthal,* 99 Cal. 39.)    Ap-
pellant does not dispute the correctness of the construction
placed upon the statute by these cases, but he claims that they
all relate to conveyances to third persons, and are not in point
because this was the case of the wife conveying to her hus-
band.    He invokes the maxim of the common law found in
section 3532 of the Civil Code: "The law neither does nor re-
quires idle acts."    *Burkett v. Burkett,* 78 Cal. 310,[1] is cited,
where the court held that: "A husband can make a valid con-
veyance to his wife of his separate real estate, upon which he
has declared a homestead which is still subsisting at the time

---

[1] 12 Am. St. Rep. 58.

of the conveyance, and he cannot avoid the same upon the ground that such conveyance was without the signature and acknowledgment of the wife." The question here is not whether the wife has an interest in the property which she may convey to her husband, leaving the property impressed with the homestead, as was the fact in the Burkett case, but the contention is that she may mortgage the homestead, as such, to her husband without his joining, because it would be an idle and foolish thing for him to mortgage to himself, and hence unnecessary to its validity. But where there is a homestead declared on the community property, as in this case, the law says that the homestead can neither be abandoned nor encumbered nor conveyed, except both the husband and wife execute and acknowledge the instrument by which such alienation or disposition is sought to be accomplished. It is not a question whether the law is to be held to require a vain thing. The law forbids the transfer of the homestead to anyone— to the husband or any other person—except it be done as prescribed by statute. The purpose of the law is to place it beyond the power of either spouse, acting alone, to destroy the homestead character impressed upon the real estate or encumber it in any way. It cannot be said that the law was substantially complied with, or that the husband was relieved from the necessity of signing the mortgage in the present case because he was the mortgagee, for that would still violate the express requirement of the statute. It simply results that the homestead declared on community property cannot be mortgaged by the wife to her husband: 1. Because she cannot alone mortgage it to him or anybody else; and 2. Because the husband cannot mortgage to himself, and therefore his signing the mortgage would not make it any the less illegal. Besides, we can see no good reason for giving the construction contended for. Why should the wife be permitted to mortgage the homestead to the husband to secure money loaned her by him? The maxim of the law relied upon is interposed to supply the want of execution of the mortgage by the husband. But as the husband could not mortgage to him-

self, how can we make this maxim accomplish more than the husband could have done by signing the mortgage? It is beyond dispute that the wife alone could not have mortgaged to the plaintiff in this case (assignee of her husband). Why should we put a construction on the statute that would make an exception where she mortgaged to her husband? It would impair the homestead just the same in both cases, and in the latter case would result in giving the husband an interest in it greater than the wife, and would make it possible for him to acquire the entire interest by foreclosure. Construing the statute strictly, the mortgage was clearly invalid, and to give the statute the very free construction contended for would, we think, do violence to the spirit of the law as well as to its letter.

2. It is contended that the wife is estopped from denying the validity of the mortgage. (Citing *Tartar v. Hall*, 3 Cal. 263; *Dolbeer v. Livingston*, 100 Cal. 617.) There is no estoppel here; the mortgage was absolutely void. Plaintiff was not misled, for he had constructive, if not actual, notice of the homestead, and like notice also that the mortgage was executed by the wife alone, and he is presumed to have known that the law forbade the making of the mortgage in this manner.

The judgment and order should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Temple, J., Henshaw, J., McFarland, J.