[Sac. No. 4883. In Bank.—February 25, 1935.]

ALLIE STEVENS, Respondent, v. PLUMAS EUREKA ANNEX MINING COMPANY et al., Appellants.

J. Oscar Goldstein for Appellants.

Young & MacMillan and Green & Lunsford for Respondent.

WASTE, C. J.—Plumas Eureka Annex Mining Company made and executed in writing a lease agreement by which there was leased to one Bourey mining property in Plumas County. In and by the terms of the agreement, a sum of ten thousand dollars was advanced, which amount defendant mining company agreed to pay. At the same time there was executed a deed of trust made by the company as grantor, F. J. Behneman and L. D. Byrne as trustees, and

J. A. Talbot as beneficiary, to secure the performance of the terms and conditions of the lease, which had, in the meantime, been assigned and transferred by Bourey to said Talbot. Talbot thereafter filed a voluntary petition in bankruptcy, listing among his assets the deed of trust executed by the mining company, which deed of trust was sold by order of court, through the trustee in bankruptcy, and was purchased by plaintiff, respondent here, for the sum of $3,999.

The new owner of the deed of trust gave, filed and recorded a notice of default in the performance of the terms and conditions of the lease and option secured by the deed of trust, together with an election to sell the property. The mining company thereupon commenced an action against the respondent in the United States District Court, praying for a judgment canceling, annulling and setting aside the deed of trust, and procured a temporary injunction restraining the trustees from selling the property under its terms. On the cause being brought to trial the court dismissed the case and dissolved the injunction. By reason of the injunction, the time fixed for the sale of the property had expired. The substituted trustee therefore again advertised the property for sale, and the mining company commenced an action in the Superior Court of the County of Plumas, in which county the property was located, and obtained a restraining order enjoining the trustee from proceeding with the sale. On return of the order to show cause, the preliminary injunction was dissolved, and the action dismissed. The property was then sold to the respondent. The appellant continued in possession of the property, and this action to recover possession was thereupon brought by the respondent. The defendant answered, seeking affirmative relief, and praying that the sale of the property under notice of default, as provided in the deed of trust, be set aside and canceled. Judgment was entered for the plaintiff, from which the defendant mining company appeals.

■ Appellant's first contention is that the plaintiff failed to prove a valid trustee's sale, in that there was no proof of posting notices of the time and place of the sale of the property, as required by the statute prescribing and regulating such matters. It is somewhat difficult to ascertain if this question was raised and the point relied upon

at the trial. The answer of appellant admits that the trustee "caused notice of sale of said property to be advertised and the said property was advertised for sale". There appear in the record in the statement of sums due, following the sale under the deed of trust, certain items for "posting notice on the property". In the trustee's deed to respondent is the declaration that the trustee "did heretofore duly *make* and cause to be published, in the manner, and for the time required by law and the provisions of said deed of trust, a notice of sale of said trust . . . " We are of the view that the recital in the deed from trustee to purchaser at the sale, coupled with the other facts in the record, is sufficient to show *prima facie* that the trustee duly gave notice of sale as required by law and the provisions of the trust deed under the terms of which the sale was had. This is especially so when, as here, the trust deed states that its recitals of default, and of publication and posting of notice of sale, shall be conclusive proof of the facts stated in the trustee's deed; and no evidence is offered to show that notice was not posted. (*Jose Realty Co.* v. *Pavlicevich,* 164 Cal. 613 [130 Pac. 15]; *Mersfelder* v. *Spring,* 139 Cal. 593 [73 Pac. 452].) Furthermore, if there was a defect in the notice of sale (which has not been shown), we are of the view that it was waived by appellant when it had notice, attended the sale, and, according to the record, tendered a bid, and also tendered an amount it deemed sufficient to cover the amount due.

 Appellant seeks a reversal of the judgment because of fraud claimed to have been practiced against it in the proceedings leading to and the conduct of the sale itself. It was claimed at the argument, and is asserted in appellant's brief, that the mining property "was worth at least the sum of $180,000". The evidence on the value of the property is contradictory, and the evidence on which such an assertion is attempted to be based appears to be very largely speculative. In California, it is a settled rule that inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale legally made; there must be in addition proof of some element of fraud, unfairness or oppression as accounts for and brings about the inadequacy of price. (*David* v. *Frost,* 122 Cal.

App. 750 [10 Pac. (2d) 504]; *Baldwin* v. *Brown,* 193 Cal. 345 [224 Pac. 462].) We find no such element in this case.

█ We find no substantial (in fact, not any) evidence to support appellant's contention that the trustee making the sale was guilty of fraud, or was so biased and prejudiced against appellant as to conduct the sale wholly in favor of and for the sole benefit and interest of the plaintiff. In the absence of such evidence, we must assume that the sale was free from fraud. The trustee, who was substituted for the trustees first designated in the deed of trust, was the attorney for the plaintiff. He appears to have strictly protected the interests of his client at all stages. The whole transaction, the proceedings leading to, and the sale, were adversary. Appellant was no doubt badly in need of funds. It could not meet the demands of the deed of trust, or raise the amount required to prevent the sale to plaintiff. It must suffer the consequences.

The judgment is affirmed.

Curtis, J., Langdon, J., Preston, J., Thompson, J., Seawell, J., and Shenk, J., concurred.

Rehearing denied.