[Civ. No. 58273. Second Dist., Div. Two. Sept. 15, 1980.]

JANE S. MITCHELL, Plaintiff and Respondent, v.
AMERICAN RESERVE INSURANCE COMPANY et al.,
Defendants and Appellants.

**COUNSEL**

Jonas, Donahue, Kinigstein & Hoffman, Jonas & Fern, Richard N. Rust and Terry Kinigstein for Defendants and Appellants.

Albert A. Dorn for Plaintiff and Respondent.

OPINION

ROTH, P. J.—Respondent was married to Will M. Mitchell in 1935 and they resided in California from and after 1937. In June of 1971, the couple purchased a residence in Los Angeles County, title to the property being taken in joint tenancy.

In October of 1973, Will, without the joinder or knowledge of respondent, executed a promissory note in the amount of $10,000, secured by a trust deed on the residence. His purpose in so doing was to induce appellant to issue a bail bond in favor of a third party, with the understanding liability under the note would arise if the bond were forfeited.

About two years later, respondent first became aware of this transaction, when she was attempting to sell the residence. Title at that time, and from some two or three months earlier, was held solely by respondent following Will's execution in her favor of a quit claim deed covering his interest.

In spite of the encumbrance, respondent sold the residence to one Bilofsky on August 26, 1977, and as part of that transaction instituted this action September 1, 1977, to quiet title or to have declared that appellants had no interest in the property. After trial without a jury, a judgment was entered determining, inter alia, that the bail bond note and trust deed were void.

In so deciding, the trial court relied upon its finding the residence property was the community property of the spouses and upon its perception of the effect of Civil Code section 5127 in view of that and the other facts hereinabove recited. Accepting the trial court's finding, we are nevertheless persuaded its ultimate conclusion was in error.

The statute in question provides in pertinent part that: "Except as provided in Sections 5113.5 and 5128, either spouse has the management and control of the community real property, whether acquired prior to or on or after January 1, 1975, but both spouses either personally or by duly authorized agent, must join in executing any instru-

ment by which such community real property or any interest therein is leased for a longer period than one year, or is sold, conveyed, or encumbered;..."[1]

In the context of a conveyance, the section has been understood to mean that "a deed to community real property for a valuable consideration, executed without the wife's consent, while ineffective as to her interest, is valid and binding as to the husband's half interest....In such a case the conveyance of the wife's one-half interest without her consent is not void but voidable...." (*Gantner* v. *Johnson* (1969) 274 Cal.App.2d 869, 876-877 [79 Cal.Rptr. 381].)

By analogy, where the case involves an encumbrance, the power of the consenting spouse extends in absolute terms no further than to burden his or her own interest, leaving in the nonconsenting spouse the ability to remove the encumbrance insofar as it relates to that spouse's interest. But what is removed is only the *encumbrance*, without any effect upon the underlying obligation which it secures. That this is so seems evident from a consideration of Civil Code section 5116, which provides that "The property of the community is liable for the contracts of either spouse which are made after marriage...."

Thus in the instant matter, if appellants had done no more than obtain Will's execution of the promissory note, without also securing that note by way of trust deed, it could hardly be urged the note did not constitute a valid obligation of the community. How, then, can it correctly be maintained that having also obtained the trust deed, the obligation of the note, at respondent's instance, should be extinguished?

It is clear to us no such result is intended from a proper application of section 5127, which contemplates only that the nonconsented to encumbrance is subject to being expunged, but which deals not at all with the underlying obligation secured by the encumbrance. In other words, it is the manner of securing obligations which the section speaks to and not the creation of those obligations.

Accordingly, while respondent was entitled to free her one-half interest from the burden of the trust deed, it remained validly a lien

---

[1]The statute at that time provided that "...the husband has the management and control of the community real property, but the wife...must join with him in executing any instrument by which such community real property or any interest therein...is sold, conveyed, or encumbered...."

upon Will's interest in the property, which survived intact in spite of his quitclaim conveyance to respondent.

■ Finally, it is contended respondent cannot maintain the present action even for the limited purpose described, since she was not the owner of the property when suit was filed, having previously conveyed to Bilofsky. We are satisfied the point, under the circumstances present, is not well taken. While it is settled as a general rule that one without title or interest in property cannot maintain an action to quiet title (*Reed* v. *Hayward* (1943) 23 Cal.2d 336, 340 [144 P.2d 561]), it is likewise recognized that a vendor of real estate who, expressly or impliedly, has warranted its title to be free from encumbrances may take those steps necessary to pursue the letter and spirit of his covenant and thereby to fully perform his obligation under the warranty. (See *Federal Home Loan Bank* v. *Long Beach Fed. S & L Ass'n.* (S.D.Cal. 1954) 122 F.Supp. 401, 432-433.)

The judgment appealed from is reversed and the matter remanded for further proceedings in accordance with this opinion. The trial court is directed to hear and determine appellants' motion to fix reasonable attorney fees associated with this appeal.

Compton, J., and Beach, J., concurred.

A petition for a rehearing was denied October 9, 1980, and on February 6, 1981, the judgment was amended to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied November 26, 1980. Bird, C. J., was of the opinion that the petition should be granted.