[No. B005283. Second Dist., Div. Seven. Jan. 14, 1985.]

ROD WOLFE, Plaintiff and Respondent, v.
MANUEL LIPSY, Defendant and Appellant.

634

**COUNSEL**

Robert Marc Hindin for Defendant and Appellant.

Frank A. Butler for Plaintiff and Respondent.

**OPINION**

**THOMPSON, J.**—Defendant, Manuel Lipsy, appeals from a judgment in favor of the plaintiff, Rod Wolfe, after a court trial. Defendant claims on appeal that: (1) the trial court committed prejudicial error in declaring void a deed of trust placed on real property by one spouse when the property was homesteaded; (2) the trial court erroneously vacated the nonjudicial foreclosure sale and declared void the trustee's deed upon sale; and (3) the trial court failed to give the required statement of decision.

## FACTS

On May 8, 1974, Joseph and Irene Basurto, husband and wife, executed and acknowledged a declaration of homestead on their single family dwelling in Lakeview Terrace, California (hereafter Lakeview Terrace property). The declaration was recorded on May 10, 1974.

On October 20, 1976, Irene Basurto alone encumbered the Lakeview Terrace property by executing and acknowledging a lien contract and deed of trust in favor of Alliance Financial Services to secure the debt created by the purchase of carpeting. The lien contract and deed of trust, contained in one document, was recorded on November 18, 1976, making it a third deed of trust against the Lakeview Terrace property. At no time did Joseph Basurto execute or acknowledge the lien contract and deed of trust (hereafter deed of trust).

Later, the marriage of Irene and Joseph Basurto went sour, and dissolution proceedings were started. An interlocutory judgment of dissolution of marriage, entered on September 11, 1978, awarded Irene Basurto, inter alia, the Lakeview Terrace property as her sole and separate property. Thereafter, on March 22, 1979, the final judgment was entered.

In the meantime, on December 4, 1978, the beneficial interest in the deed of trust was assigned to Richard and Mildred Davis, husband and wife. This assignment was recorded on December 5, 1978. Concurrently with the recordation of the assignment, a substitution of trustee was recorded, showing Property Investment Associates as the new trustee in the deed of trust in place of Continental Auxiliary Company. On December 18, 1978, Milton S. Katz, doing business as Property Investment Associates, recorded a notice of default and election to sell under the deed of trust in favor of the Davises.

Thereafter, while the property was in default under the Davises' deed of trust, on January 23, 1979, Irene Basurto by grant deed, for a valuable

consideration, conveyed title to the Lakeview Terrace property to plaintiff, Rodney Wolfe, and his wife, Joan M. Wolfe. However, Wolfe refused to cure the default on the deed of trust, taking the position that the deed of trust as a document was void under Civil Code section 1242 for lack of the signature and acknowledgement of both Joseph and Irene Basurto.

The trustee's sale of the Lakeview Terrace property was set at 9 a.m. on April 10, 1979, to be conducted at the entrance to 565 Pier Avenue in Hermosa Beach. However, the sale was allegedly postponed several times until November 29, 1979, when the property was purportedly sold at 2 p.m. to the highest bidder, Lipsy. Thereafter, on the same day, the trustee's deed upon sale conveying title to the property to Lipsy was recorded at 2:27 p.m. in the Hall of Records in downtown Los Angeles.

Meanwhile, just prior to the purported trustee's sale on November 29, 1979, the motion of Joseph Basurto to vacate and set aside the interlocutory judgment and final judgment in the dissolution action involving Irene Basurto was granted on November 2, 1979.

On December 13, 1979, Wolfe filed this action to quiet title and for damages against Katz, individually and doing business as Property Investment Associates, Richard and Mildred Davis, and others. Later, the complaint was amended to name Lipsy in place of Doe 101.

On September 8, 1983, this matter went to trial only against Lipsy on the first cause of action to quiet title and the third cause of action for damages. Wolfe had earlier dismissed the action against the other defendants, Katz and the Davises, who had in their answer to the complaint disclaimed any interest in the Lakeview Terrace property. After the trial of this matter and its submission to the trial court on September 14, 1983, for decision, the trial court, on September 19, 1983, issued its memorandum of intended decision. The trial court found, inter alia, that: (1) the trust deed placed on the property by one spouse when the property was homesteaded is void; (2) the postponement leading to the foreclosure sale noticed for November 29, 1979, was not properly made; (3) the foreclosure sale of November 29, 1979, was not held at the time noticed; (4) Irene Basurto could transfer only her interest in the property to Wolfe; and (5) Wolfe comes to the court with unclean hands and is not entitled to damages, a good portion of which were caused by the tenant he put in possession. The court decided, inter alia, to vacate the foreclosure sale and to quiet title in Wolfe as to a one-half interest in the Lakeview Terrace property subject to encumbrances. Thereafter, on September 28, 1983, Lipsy requested a statement of decision from the trial court which, on November 16, 1983, adopted its memorandum of intended decision as its statement of decision.

On November 16, 1983, the trial court signed and filed its judgment which provided, inter alia, that the deed of trust executed by Irene Basurto on October 20, 1976, is void, and that title to the interest of Irene Basurto only, in the Lakeview Terrace property subject to encumbrances, is quieted in Wolfe.

## DISCUSSION

### I

### NONJUDICIAL FORECLOSURE SALE

■ Lipsy contends that Wolfe did not plead a cause of action to set aside the trustee's sale, but rather pleaded a cause of action to quiet title. Thus, Lipsy argues the issue of whether or not the trustee's sale of November 29, 1979, was held in compliance with statutory requirements was not properly before the trial court. We disagree.

An action to quiet title commenced after January 1, 1981, is governed by the new quiet title statute. (Stats. 1980, ch. 44, p. 109; Code Civ. Proc., § 760.010 et seq.) However, an action for quiet title commenced before that date, which is the case here, is governed by previous law. (Stats. 1980, ch. 44, § 18.)

■ Under Code of Civil Procedure, section 738 (repealed by Stats. 1980, ch. 44, p. 109, eff. Jan. 1, 1981), a quiet title action is aimed at a person who may be asserting a claim to property, and is framed simply by alleging that the plaintiff is the owner and entitled to possession, and that the defendant claims an interest, adverse to the plaintiff, without right. (*Warren* v. *Atchison, T. & S. F. Ry. Co.* (1971) 19 Cal.App.3d 24, 32 [96 Cal.Rptr. 317].) ■ In contrast, an action to remove a cloud on title, under Civil Code section 3412, is aimed at a particular instrument, or piece of evidence. (*Ephraim* v. *Metropolitan Trust Co.* (1946) 28 Cal.2d 824, 833 [172 P.2d 501].) To state a cause of action to remove a cloud, instead of pleading in general terms that the defendant claims an adverse interest, the plaintiff must allege, inter alia, facts showing actual invalidity of the apparently valid instrument or piece of evidence. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, §§ 537-538, pp. 2184-2185.)

■ In the case at bench, the plaintiff failed to allege the actual invalidity of the apparently valid trustee's deed upon sale. However, where, as here, the case is tried on the theory that the matters of the postponement of the trustee's sale and the conduct of the sale were in issue, and evidence thereon

is received without objection, it is too late, on appeal, to attack the findings. (4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 336, p. 3138.)

Next, Lipsy contends that the trial court erroneously found that the presumption of validity of a sale under a deed of trust was overcome by the evidence.

■ First, Lipsy argues in support of this contention that there is a presumption that a sale under a deed of trust was conducted regularly and fairly, citing *Stevens* v. *Plumas Eureka Annex Min. Co.* (1935) 2 Cal.2d 493 [41 P.2d 927], and *Brown* v. *Busch* (1957) 152 Cal.App.2d 200 [313 P.2d 19]. We agree with this proposition of law, but conclude that its effect is merely to provide prima facie proof of the particular fact that the sale was conducted regularly and fairly, until contradicted and overcome by other evidence. (See, e.g., *Meyer* v. *Glenmoor Homes, Inc.* (1966) 246 Cal.App.2d 242, 272 [54 Cal.Rptr. 786].) This was the concern in both the *Stevens* case (2 Cal.2d at p. 497) and the *Brown* case (152 Cal.App.2d at p. 204). Generally, the issue of whether or not the facts justify the setting aside of the sale is a question of fact. (*Brown* v. *Busch, supra,* at p. 204.) Here, the trial court concluded that the evidence overcame this presumption. In view of the whole record, we cannot say that the facts do not justify this conclusion.

■ Second, Lipsy argues in support of this contention that the trial court erroneously found that the evidence overcame the presumption of statutory compliance provided by Civil Code section 2924. We disagree.

That section provides in part that a recital in the trustee's deed upon sale of compliance with all requirements of law regarding the mailing, posting, publication, or personal delivery of notice of default and notice of sale is prima facie evidence thereof in favor of bona fide purchasers and encumbrancers for value and without notice. (But see *Garfinkle* v. *Superior Court* (1978) 21 Cal.3d 268, 279, fn. 16 [146 Cal.Rptr. 208, 578 P.2d 925].)

Thus, Civil Code section 2924 contains two presumptions. One is a rebuttable presumption where the recital in the trustee's deed upon sale is merely prima facie evidence of statutory compliance. (Evid. Code, § 602.) The other is a conclusive presumption where the trustee's sale involves a bona fide purchaser or encumbrancer for value and without notice. "A conclusive presumption is one that *requires* the trier of fact to find that the presumed fact exists from a finding of the existence of the basic fact. The presumption is conclusive because the adverse party against whom it operates is *not permitted* to introduce evidence to contradict or rebut the exis-

tence of the presumed fact." (Italics in original.) (2 Jefferson, Cal. Evidence Benchbook (2d ed. 1982) Presumptions, § 46.1, p. 1682.)

Here, the evidence showed that the trustee's sale was set for April 18, 1979, at 9 a.m. The evidence further showed and the trial court found that there was no valid postponement from April 18. Although Mr. Katz, the trustee, kept meticulous records, there was no record of the supposed postponement. Moreover, there was testimony that the sale of April 18 was put off calendar. In addition, the trial court found that the trustee's sale of November 29, 1979, at 2 p.m., did not occur. In this regard, the trial court stated: "The fact that the recording stamp [on the Trustee's Deed Upon Sale] shows 2:27 p.m. is not conclusive although it is extremely unlikely that Mr. Katz [trustee] could have held the sale, driven from the post office in Hermosa Beach after holding the sale, parked, walked into the Recorder's office and recorded the deed in 27 minutes. Coupled with the testimony that no sale was held, it is sufficient for the court to determine that the sale was not held when it was supposedly noticed. The presumption of validity was overcome by the facts."

Since Civil Code section 2924 limits the application of the conclusive presumption to a bona fide purchaser or encumbrancer for value and without notice, we therefore conclude that the trial court inferentially found that Lipsy was not a bona fide purchaser, and that the recitals in the trustee's deed upon sale were only prima facie evidence of the facts they allege to be true. Moreover, from our examination of the record, we find that the trial court properly concluded that the presumed facts were overcome by the evidence showing an invalid postponement and a nonexistent trustee's sale. Furthermore, it is questionable whether section 2924 applies to the conduct of the sale itself. (See Bernhardt, Cal. Mortgage and Deed of Trust Practice (Cont.Ed.Bar 1979) § 6.59, p. 312.)

II

MARITAL HOMESTEAD

 Lipsy contends that the trial court improperly declared the deed of trust executed by Irene Basurto on October 20, 1976, to be void. We do not agree.

Although, on first impression, it is not entirely clear from the record in this case on what basis the trial court relied to declare the deed of trust void, a careful analysis of the state of the law on September 19, 1983, when the trial court issued its memorandum of intended decision, reveals that the

trial court acted under the provisions of Civil Code section 1242.[1] The courts have applied this section to void any encumbrance of homesteaded property that is not executed and acknowledged by both spouses. (*Freiermuth* v. *Steigleman* (1900) 130 Cal. 392, 395 [62 P. 615]; *Powell* v. *Patison* (1893) 100 Cal. 236, 238 [34 P. 677]; *Katsivalis* v. *Serrano Reconveyance Co.* (1977) 70 Cal.App.3d 200, 208-209 [138 Cal.Rptr. 620]; *Bodden* v. *Community National Bank* (1969) 271 Cal.App.2d 432, 435-436 [76 Cal.Rptr. 278].) Even the spouse who executed the instrument is not estopped to deny its validity on the grounds that it was not executed by the other spouse. (*Freiermuth* v. *Steigleman, supra,* 130 Cal. at p. 395.)

In 1982, the Legislature enacted Assembly Bill No. 707, known as the "Enforcement of Judgments Law," which is a comprehensive statutory scheme for the enforcement of civil judgments in California, including the role of homestead and residential exemptions. (Stats., 1982, ch. 1364, eff. July 1, 1983.) The Enforcement of Judgments Law is contained in title 9 of part 2 of the Code of Civil Procedure, sections 680.010 to 724.260. In order to bring other parts of the codes into conformity with the Enforcement of Judgments Law, the 1982 Legislature also enacted Assembly Bill No. 798, which, among other things, repealed Civil Code section 1242. (Stats., 1982, ch. 497, eff. July 1, 1983.)

The Enforcement of Judgments Law provides that a declaration of homestead recorded prior to July 1, 1983, remains valid and is governed by the provisions of the Enforcement of Judgments Law. (Code Civ. Proc., § 704.910.) Moreover, in connection with the application of the Enforcement of Judgments Law, Code of Civil Procedure section 694.020 provides: "Except as otherwise provided in this chapter, this title on and after its operative date [July 1, 1983] applies to all proceedings commenced prior thereto unless in the opinion of the court application of a particular provision of this title would substantially interfere with the effective conduct of the proceedings or the rights of the parties or other interested persons, in which case the particular provision of this title does not apply and prior law applies."

"Prior law" means the applicable law in effect on June 30, 1983. (Code Civ. Proc., § 694.010, subd. (b).)

---

[1]Civil Code section 1242 provided in pertinent part: "(a) Except as provided in Section 1243.5, and except in the case of a married person's separate homestead, the homestead of a married person cannot be conveyed or encumbered unless:

"(1) The instrument by which it is conveyed or encumbered is executed and acknowledged by both husband and wife; or

"(2) Each spouse executes and acknowledges a separate instrument so conveying or encumbering the homestead in favor of the same party or the party's successor in interest. . . ."

Under the Enforcement of Judgments Law, a homestead declaration made before or after July 1, 1983, does not restrict or limit any right to convey or encumber the declared homestead. (Code Civ. Proc., §§ 694.090, 704.940.)[2] However, the Enforcement of Judgments Law has no effect on the provisions of section 5127 of the Civil Code, which restrict the right of an individual spouse to convey, lease, or encumber community real property. (See fn. 1, *ante.*)

We must therefore determine whether the trial court, when it declared the deed of trust void, was applying prior law or the new law. We have concluded that our determination of this matter will turn on the effect of the homestead declaration in this case, which was recorded on May 10, 1974. We reach this conclusion because an encumbrance of community property by one spouse contrary to the provisions of Civil Code section 5127 is valid and binding as to the consenting spouse's one-half interest, which is the situation here, but voidable as it relates to the nonconsenting spouse's one-half interest. (See *Mitchell* v. *American Reserve Ins. Co.* (1980) 110 Cal.App.3d 220, 223-224 [167 Cal.Rptr. 760]; cf. *Andrade Development Co.* v. *Martin* (1982) 138 Cal.App.3d 330, 334 [187 Cal.Rptr. 863].)

As we have previously noted, under the Enforcement of Judgments Law, "[a] homestead declaration does not restrict or limit any right to convey or encumber the declared homestead." (Code Civ. Proc., § 704.940.) In contrast, Civil Code section 1242 restricts the right to encumber homesteaded property, and an encumbrance of marital homestead by one spouse only is void. (*Freiermuth* v. *Steigleman, supra,* 130 Cal. 392.)

In the instant case, the trial court did not decide that the deed of trust is merely voidable, which would have been questionable under the *Mitchell* holding. Rather, the trial court concluded that it is void. It is therefore apparent that the trial court applied the prior law of Civil Code section 1242

---

[2]Statements in legislative committee reports which are in accordance with a reasonable interpretation of a statute will be followed by courts to assist in interpretation of legislative intent. (*In re Marriage of Paddock* (1971) 18 Cal.App.3d 355, 359 [95 Cal.Rptr. 652].)

In connection with Code of Civil Procedure sections 694.090 and 704.940, the Senate Legislative Committee commented, respectively, as follows: "Section 694.090 makes clear that a homestead declaration recorded pursuant to former Civil Code Sections 1237-1304 is effective as an exemption from creditors only as provided in Sections 704.910-704.990. A homestead declaration under prior law is not effective as a restriction on conveyance or encumbrance. See Section 704.940 (15 Cal.L.Rev.Comm. Reports 2001; 82 S.J. 11372)."

"The first sentence of Section 704.940 makes clear that the recording of a homestead declaration does not restrict the right to convey or encumber the declared homestead. The provisions of former law (e.g., former Civil Code §§ 1242, 1243, 1243.5) which gave a declaration of homestead that effect are not continued. See also Section 694.090. However, Section 704.930 has no effect on the other provisions of law that restrict the right to convey or encumber community property. See Civil Code §§ 5127, 5128. See also Civil Code § 5102. . . ."

to declare the deed of trust void. Moreover, from this conclusion, we may safely assume that the trial court decided not to use the new law, having determined that the application of the Enforcement of Judgments Law would substantially interfere with either the effective conduct of the trial or the rights of the parties. (See Code Civ. Proc., § 694.020.) From our examination of the record, we cannot say that the trial court erred or abused its discretion in its decision to use prior law rather than the new law.

Moreover, the claim of Lipsy, that the right to have an encumbrance of marital property declared void under the provisions of Civil Code section 1242 is personal to each spouse and, hence, not available to Wolfe, is without merit. Unlike *Montgomery* v. *Bullock* (1938) 11 Cal.2d 58 [77 P.2d 846], where the court concluded that, under the facts of that case, the husband, and not a creditor, was the only person who could challenge pursuant to Civil Code section 1242 a unilateral conveyance of homestead by the wife, in the instant case Wolfe is a successor in interest to Irene Basurto.

### III
### STATEMENT OF DECISION

■ Finally, Lipsy contends that the trial court failed to provide a sufficient statement of decision which explains the factual and legal basis of its decision as required by Code of Civil Procedure section 632. We disagree.

In the recent case of *People* v. *Casa Blanca Convalescent Homes, Inc.* (1984) 159 Cal.App.3d 509, 524 [206 Cal.Rptr. 164], the court in determining whether a statement of decision complied with section 632 stated: "A trial court in rendering a statement of decision under Code of Civil Procedure section 632 is required only to state ultimate rather than evidentiary facts. [Citations.]. . . .

". . . . Only where a trial court fails to make findings as to a material issue which would fairly disclose the determination by the trial court would reversible error result. [Citation.] Even though a court fails to make a finding on a particular matter, if the judgment is otherwise supported, the omission to make such finding is harmless error unless the evidence is sufficient to sustain a finding in favor of the complaining party which would have the effect of countervailing or destroying other findings. [Citation.] A failure to find on an immaterial issue is not error. [Citation.]"

Here, the trial court adopted its memorandum of intended decision as its statement of decision, which fairly and completely sets forth the factual and legal basis for the court's decision as required by Code of Civil Procedure section 632. It lists all the ultimate facts necessary to decide the issues

placed in controversy by the pleadings and evidence, except for the status of Lipsy regarding the effect of Civil Code section 2924. As previously noted, the trial court expressly found that the presumption of validity was overcome by the facts, which the trial court had spelled out in detail in its statement of decision. From this finding, we infer that the trial court found that Lipsy was not a bona fide purchaser for value, which triggered the application of rebuttable presumption under Civil Code section 2924, rather than the conclusive presumption. Based on the record in this case, we therefore find that this omission is harmless error.

## DISPOSITION

The judgment in all respects is affirmed.

Lillie, P. J., and Johnson, J., concurred.