In re Virginia H. JONES, Debtor.

Virginia H. JONES, Appellant,

v.

Leon HESKETT and Kelleher Lumber Company, Inc., Appellees.

No. 95–15920.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 1996.

Decided Feb. 11, 1997.

Lynn Anderson Koller, Oakland, California, for appellant.

David J. Costamagna and Patrick M. Macias, San Rafael, California, for appellees.

Before: FLETCHER and FERGUSON, Circuit Judges, and KING,** District Judge.

FLETCHER, Circuit Judge:

Virginia H. Jones appeals a decision of the Bankruptcy Appellate Panel ("BAP") holding that a recorded abstract of judgment became a lien on her property subordinate, however, to prior liens and to a recorded declaration of homestead. The BAP concluded that because surplus equity existed in the property on the date Ms. Jones petitioned for bankruptcy, the lien could attach under California Code of Civil Procedure ("CCCP") § 704.950. The BAP erred in its construction of the California law. We therefore reverse the decision of the BAP.

## I.

Virginia Jones and her former husband, Brian Jones, bought a home in Berkeley, California in 1976. It was encumbered by a purchase money first deed of trust, recorded in December 1976. Four more deeds of trust were subsequently recorded. In November 1986, Mr. and Mrs. Jones recorded a declaration of homestead for the home pursuant to CCCP § 704.730 which, at that time, provided the Joneses with a $45,000 exemption.

In January 1987, Kelleher Lumber Company, Inc. ("Kelleher") recorded a writ of attachment incident to a state court action

against Brian Jones. In May 1987, Kelleher obtained a judgment in the amount of $29,-882.50 against Mr. Jones. Kelleher recorded an abstract of judgment in June, 1987. In January and June 1987, when the Kelleher writ of attachment and abstract of judgment lien respectively were recorded, the Jones' home was valued at $250,000. During the same period, the amount owed on the deeds of trust was $313,800.

The Joneses divorced in early 1989. At that time, Brian Jones quitclaimed his community property interest in their home to Virginia Jones. In November 1990, Virginia Jones filed a Chapter 7 voluntary petition for bankruptcy.[1] As of that time, the home was valued at $325,000 and the amount of the prior liens was $248,000.

In April 1993, Virginia Jones filed a complaint with the Bankruptcy Court to determine the validity and extent of the judgment lien in favor of Kelleher. She alleged that the lien did not attach to her home. The Bankruptcy Judge declared the Kelleher judgment lien a valid lien against the home. The BAP affirmed. Both the Bankruptcy Court and the BAP concluded that the date Ms. Jones filed for bankruptcy was the appropriate date for determining whether there was surplus equity in the property to which a lien could attach.

## II.

We are called upon to answer a state law question of first impression—how properly to apply California Code of Civil Procedure Section 704.950(c) which describes the circumstances under which a judgment lien can attach to homesteaded property.[2]

■ The California statutory scheme that controls this case is as follows. Article 2 of

---

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

1. The petition was later converted to a petition under Chapter 13 of the Bankruptcy Code.

2. In reaching its ruling, the BAP relied heavily upon our holding in *In re Chabot*, 992 F.2d 891 (9th Cir.1993). However, *Chabot* concerned when a judgment lien can be avoided under 11 U.S.C. § 522(f)(2). It is inapposite to the issue in this case.

Congress expressed its disapproval of *Chabot* when it overruled its holding with the Bankruptcy Reform Act of 1994. Pub.L. No. 103–393, 108 Stat. 4106, Sec. 702.

Chapter 2 on Enforcement of Money Judgments, commencing with California Code of Civil Procedure § 697.310, governs the creation of judgment liens on real property. They are created by recording an abstract of money judgment with the county recorder in the county where the real property is located. CCCP § 697.340(a). They continue for a period of ten years from the date of entry of the judgment. CCCP §. 697.310(a)–(b). A recorded lien automatically attaches to any after-acquired interest of the debtor in real property. CCCP § 697.340(b). However, this section specifically, by its terms, does not apply to homesteaded property. CCCP § 697.340 (The section begins with the phrase: "Except as provided in Section 704.950"). Accordingly, no judgment lien attaches to surplus equity in homesteaded property by virtue of CCCP § 697.340.

The parties agree that Section 704.950 controls the outcome of this case. It governs whether and when a judgment lien attaches to a declared homestead. Section 704.950 provides that a judgment lien cannot attach to a residence with a properly recorded homestead if the homestead was (1) recorded prior to the time the abstract of judgment was recorded, and (2) the declaration names the judgment debtor or spouse as a declared homestead owner. CCCP § 704.950(a). However, § 704.950(c) carves out an exception to this general rule of non-attachment:

A judgment lien attaches to a declared homestead in the amount of any surplus over the total of the following:

(1) All liens and encumbrances on the declared homestead at the time the abstract of judgment or certified copy of the recorded judgment is recorded to create the judgment lien.

(2) The homestead exemption set forth in Section 704.730.

CCCP § 704.950(c).

"The starting point in statutory interpretation is the language of the statute itself." *United States v. James*, 478 U.S. 597, 604, 106 S.Ct. 3116, 3120, 92 L.Ed.2d 483 (1986) (citations omitted). The plain reading of CCCP § 704.950(c) requires that surplus equity exist on the date the abstract judgment is recorded for the judgment to attach

to homesteaded property. "The lien is created by recording an abstract of judgment (Code Civ.Proc., § 697.060) and attaches to the value of the property in excess of the statutory homestead exemption and all liens and encumbrances in existence when the abstract of judgment is recorded (Code Civ. Proc. § 704.950, subd. (c))." *Stoffel v. Dutton*, 175 Cal.App.3d 1185, 221 Cal.Rptr. 346, 348 (1985).

In June 1987, when Kelleher recorded its $29,882.50 judgment, the encumbrances on the property totalled $313,800. The amount of the declared homestead exemption was $45,000. The Jones' home was valued at only $250,000. Thus, at the time the judgment was recorded, the total of the encumbrances and liens and the homestead exemption was $358,800, exceeding the value of the home by $108,000. Clearly, no surplus equity existed at that time to which the Kelleher judgment lien could attach.

### III.

In construing the language of the California statute, the BAP concluded that the phrase "at the time the abstract of judgment ... is recorded" only modifies the phrase "[a]ll liens and encumbrances" not the phrase "amount of any surplus." Under this interpretation, a new type of floating judgment lien would be created. Such a lien would attach to a homesteaded property whenever surplus equity existed in the property during the ten year life of the lien. The BAP erroneously concluded that CCCP § 704.950(c) was simply intended to order the priority of liens, rather than determine their validity. This reading of the statute contorts its plain language and is contrary to the legislative history.

California homestead laws were originally enacted in 1872 to protect homesteaders from loss of their homes. Since that time, California courts have consistently liberally construed these statutes to effect this purpose. "The policy underlying all homestead legislation, whether providing for the selection of a homestead by a person during his lifetime or by the court for his family after his death [is] ... to provide a place for

the family and its surviving members, where they may reside and enjoy the comforts of a home, freed from any anxiety that it may be taken from them against their will, either by reason of their own necessity or improvidence, or from the importunity of their creditors, and to this end a liberal construction of the law and facts will be adopted by the courts." *Strangman v. Duke*, 140 Cal. App.2d 185, 295 P.2d 12, 17 (1956) (internal citations and quotations omitted); *See also, Parker v. Riddell*, 41 Cal.App.2d 908, 108 P.2d 88 (1941) (homestead statutes are benevolent and remedial in character, to protect property from existing debts, and may be liberally construed).

Originally, a judgment lien could not attach at all to real property subject to a prior homestead declaration. *Engelman v. Gordon*, 82 Cal.App.3d 174, 146 Cal.Rptr. 835, 837 ("It is well established in California that a judgment lien does not attach to property subject to a prior homestead declaration."). This was true even in cases where there was surplus equity over the statutory exemption, regardless of the value of the property. *Id.* The only recourse available to a judgment creditor was to execute upon the judgment and force a sale. Such a levy of execution would establish a lien on the property to the extent of any excess over the homestead exemption. *Id.* 146 Cal.Rptr. at 838 ("Accordingly, until the creditors fully comply with section 1245 of the Civil Code by the levy of an execution on homesteaded property, a judgment is not secured by any kind of lien thereon but amounts to only a personal liability. The creditor is afforded no alternative procedure.").[3]

█ This was the situation until 1982 when the California legislature recodified and amended the homestead statutes. California Code of Civil Procedure Section 704.950 was enacted at that time. Stats.1982, c. 1364, p. 5171, operative July 1, 1983. Initially, the section as proposed simply recodified the prior law; however, subsection (c) was added before enactment allowing a judgment lien to attach provided surplus equity existed at the time of recordation of the abstract of judgment. This history is reflected in the Comment of the California Law Revision Commission regarding § 704.950. 16 Cal.L.Rev.Comm.Reports 1438 (1982) ("Comment"). The Comment states that "[a] judgment lien does not attach to property subject to a prior homestead declaration; likewise, such a judgment **is not a lien on a surplus value therein** over and above the amount of the homestead exemption.... However, as under former law, a judgment creditor may reach the value of the equity in a declared homestead in excess of the homestead exemption by levy of execution on the property" *Id.* (emphasis added). The Comment goes on to add that the "[Comment] was not revised to reflect the addition of subdivision (c) to Section 704.950 prior to the enactment of the section." *Id.* It is thus apparent that subsection (c) was an afterthought, making it possible for judgment liens to attach to homesteaded property under narrowly defined circumstances where they could not do so in the past. This subsection carves out a narrow exception to the general and long-standing California rule that judgment liens do not attach to a declared homestead. *See, Stoffel*, 221 Cal.Rptr. at 348 ("Under the new law it finally became possible to create a judgment lien on a homesteaded property.").

█ Appellees argue that if subsection (c) is interpreted according to its plain meaning judgment creditors would be required constantly to rerecord judgment liens. They argue that this procedure would be unduly burdensome and unfair to creditors. However, given the history of the statute, the opposite is true. Rather than unduly burdening creditors, by requiring them to rerecord when no excess equity existed at the time of

---

**3.** Former California Civil Code § 1245 authorizing a levy of execution was repealed in 1982 when the California legislature recodified the entire code section dealing with homesteads. These code sections, formerly Civil Code §§ 1237, 1238, 1240–1269, 1300 & 1301–1304, were recodified as California Code of Civil Procedure §§ 704.710–704.850 (claimed homestead

exemption) & 704.910–704.990 (declared homesteads). California Code of Civil Procedure § 704.970 "makes clear that the homestead declaration does not affect the right of a judgment creditor to levy on the declared homestead pursuant to a writ of execution." 16 Cal.L.Rev.Comm.Reports 1440 (1982).

the prior recordation, subsection (c) in fact provides lienholders an opportunity where none existed before. Under the current scheme, a judgment creditor's lien attaches: 1) if surplus equity exists at the time of recording the abstract of judgment or, 2) if the creditor executes on the judgment, creating a lien that has a two-year life. The creditor can pursue either or both routes.

## IV.

If we are to decide unanswered questions of California homestead law, which we are forced to do in this case, we must interpret the law as would the California courts—liberally in favor of the homesteader and consistent with the plain language and the statutory scheme. We are compelled to hold that the equity in a homesteaded property is measured at the time a judgment lien is recorded. If, at that time, no equity exists then no judgment lien attaches. In this case there was no surplus equity on the date the abstract of judgment was recorded. As the judgment lien did not attach to Virginia Jones' home, Kelleher has no judgment lien against it.

REVERSED.

FERGUSON, Circuit Judge, dissenting.

Virginia Jones and her former husband, Brian Jones, bought a home in California in 1976. The home was encumbered by several deeds of trust. In November 1986, the Joneses recorded a declaration of homestead for the residence. This declaration entitled them to a $45,000 homestead exemption under CCCP § 704.730.

Before January 1987, Kelleher Lumber Company, Inc. ("Kelleher") filed an action in state court against Brian Jones for a community obligation. Kelleher obtained a $29,882.50 judgement against Brian Jones and recorded a judgment lien in that amount against the residence.

The Joneses divorced in 1989 and Brian Jones quitclaimed his community property interest in the residence to Virginia Jones. In January and June of 1987, the value of the residence was $250,000. In April 1988, the residence had appreciated to $275,000. In November 1990, its value was $325,000, senior consensual liens and the homestead exemption totaled $293,000 leaving an equity surplus of $32,000.

In November 1990, Ms. Jones filed a Chapter 7 voluntary petition for bankruptcy. The petition was later converted to a petition under Chapter 13 of the Bankruptcy Code. Ms. Jones filed a complaint with the Bankruptcy Court to determine the validity and extent of judgment liens recorded against the residence. The Bankruptcy Judge declared the Kelleher judgment lien valid. The Bankruptcy Appellate Panel ("BAP") affirmed. Both the bankruptcy court and BAP concluded the date Ms. Jones filed for bankruptcy was an appropriate date for determining whether there was equity surplus in the property for a lien to attach.

## I.

The primary purpose of the declared homestead exemption is to grant debtors some relief from the forced sale of their homes. In California, prior to 1982, a judgment lien could not attach to any of the real property subject to a prior homestead declaration. *Engelman v. Gordon,* 82 Cal.App.3d 174, 179, 146 Cal.Rptr. 835 (1978). However, in 1982, the California legislature recodified and amended the homestead statutes. Among these additions was § 704.950.

Under § 704.950, attachment by a judgment creditor to a residence with a properly recorded homestead is subject to certain limitations. A judgment cannot attach if a declared homestead was (1) recorded prior to the time the abstract judgment was recorded to create the judgment lien, and (2) the declaration names the judgment debtor or spouse as a declared homestead owner. CCCP § 704.950(a). However, § 704.950(c) provides an exception:

(c) a judgment lien attaches to a declared homestead in the amount of any surplus over the total of the following

(1) *All liens and encumbrances* on the declared homestead *at the time the abstract of judgment or certified copy of the recorded judgment is recorded* to create the judgment lien. (Emphasis added).

(2) The homestead exemption set forth in section 704.730.

The homestead exemption in this case was $45,000. It is now higher.

The interpretation of § 704.950(c) must come from the language of the statute. *See United States v. James,* 478 U.S. 597, 604, 106 S.Ct. 3116, 3120, 92 L.Ed.2d 483 (1986) ("The starting point in statutory interpretation is the language of the statute itself.") (citations omitted). The phrase "at the time the abstract of judgment ... is recorded" modifies the phrase in the same section "[a]ll liens and encumbrances." It does not modify the phrase "the amount of any surplus" which is contained in a different section. Therefore, a judicial lien attaches to a residence with a declaration of homestead once there is equity surplus in that residence during the existence of the lien, which in California is ten years pursuant to CCCP § 683.020.

§ 704.950(c) preserves the debtor's homestead exemption, thereby enabling her to sell her home by limiting the total value of liens that a buyer would have to cover upon purchase. In the case at hand, Ms. Jones's homestead exemption of $45,000 is preserved even when the Kelleher judgment lien attaches. While Ms. Jones's homestead exemption is protected under § 704.950(c), the holder of the judgment lien is entitled to recover from the equity surplus which existed at the time she filed for bankruptcy.

Calculating equity surplus at the time the bankruptcy petition is filed also preserves the priority of senior encumbrances.[1] The rule announced by the majority cripples the California doctrine of priority of liens. Prior recorded liens have priority over those subsequently filed. However, under the majority decision in this case, if equity surplus was to be determined at the time the lien was filed, and no surplus existed at that time, then when a surplus did exist and a subsequent lien was recorded after that time, the subsequent lien would benefit from the surplus while the prior lien would not.

## II.

The majority rule permits a property owner in California to sell his residence for a profit, occasioned by rising real estate values free and clear of a valid judgment lien against the property, if at the time of the filing of the judgment no surplus equity existed. The majority have erased the California statute which grants full force and credit to a judgment lien for a full ten years from the date it is recorded. In addition, the majority have turned around the California statute which grants priority to liens in the order of their recording.

Finally, the majority uses the term "homesteaded property" at the present time as it was prior to the enactment of § 704.950(c). The homestead exemption used to exclude the entire interest in the property from judgment liens. Today the California legislature has decreed in plain language that the declaration of homestead only excludes a specific monetary value (in this case $45,000) from attachment by the judgment lien.

The majority claims that it decides this case based upon public policy, but federal courts cannot create state public policy. The California legislature changed the law and the majority simply refuse to recognize the change. In *Lezine v. Security Pacific Financial Services,* 14 Cal.4th 56, 58 Cal. Rptr.2d 76, 925 P.2d 1002 (1996), the California Supreme Court recently set forth the public policy, in an action involving a judgment lien against property of a non-debtor spouse, that although the result reached appeared inequitable, it "nevertheless is dictated by existing legislation protecting the rights of creditors." *Id.* 58 Cal.Rptr.2d at 88, 925 P.2d at 1014. That is exactly what was done by the passage of § 704.950(c). The majority should not brush it aside as a mere "afterthought."

I therefore dissent, thankful that the majority opinion is not binding upon the state courts of California. *Matter of McLinn,* 739 F.2d 1395, 1401 (9th Cir.1984).

---

1. California Civil Code § 2897 assures the priority of liens according to the date the underlying judgments are recorded. It provides:

Other things being equal, different liens upon the same property have priority according to the time of their creation. . . .