Filed 2/2/16  Runyon v. Comerica Bank CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DONNA M. RUNYON, | B265885 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. VC064321) |
| v. | |
| COMERICA BANK et al., | |
| Defendants and Respondents. | |

 

APPEAL from an order of the Superior Court of Los Angeles County, Roger T. Ito, Judge.  Affirmed.

Richard G. Elie for Plaintiff and Appellant.

Law Offices of Hemar & Associates and Melody G. Anderson for Defendant and Respondent Comerica Bank.

Freeman, Freeman & Smiley, John P. Godsil and Tracy R. Mattie-Daub for Defendant and Respondent Ocean Ridge Equities, LLC.

_____

Donna M. Runyon appeals from the dismissal of her first amended complaint after the trial court sustained demurrers without leave to amend. We affirm.

Comerica Bank (Comerica) obtained a money judgment in Orange County against Donna's then spouse Gordon Runyon[1] for $429,410.81 on July 20, 2010. Comerica recorded an abstract of judgment in Los Angeles County on August 3, 2011. On July 25, 2013, Comerica obtained a writ of execution directed to the levying officer of Los Angeles County. On September 6, 2013, Comerica recorded a notice of levy and writ of execution on property at 11049 Corley Drive in Whittier. On March 18, 2014, Comerica sought and obtained an order for sale of the property. Donna filed a complaint on May 27, 2014 in Orange County Superior Court to enjoin the sale, and the court denied the injunction.

Gordon filed for divorce on August 5, 2013, and on the same date he recorded an interspousal grant deed of all his interest in the Corley Drive property to Donna. The next day Gordon filed for bankruptcy, but his petition was dismissed. A judgment of divorce was filed on September 25, 2013, indicating that marital status would end on February 6, 2014. The marital settlement agreement stated that the couple separated on June 22, 2013, and provided that Donna would receive, among other property, the Corley Drive property. Donna immediately filed for bankruptcy on September 29, 2013, but her petition was dismissed as a bad faith filing on December 31, 2013.

On July 9, 2014, the Los Angeles County Sheriff sold the Corley Drive property to Comerica, who recorded the sheriff's deed of sale of real property on July 18, 2014. Comerica sold the Corley Drive property to Ocean Ridge Equities (Ocean Ridge) on August 1, 2014 and recorded the grant deed on August 8, 2014.

Donna filed a complaint to set aside the sheriff's sale and to quiet title on October 3, 2014. Her first amended complaint alleged she did not have notice that Comerica intended to sell the Corley Drive property, "[t]he execution sale of Plaintiff's property proceeded without any minimum bid requirement, and it was not advertised

---

[1] We use the Runyons' first names for clarity, intending no disrespect.

2

other than through posting," and the order compelling the sale did not comply with the sheriff's title requirements. She also alleged that Comerica did not join her as the fee holder in the application for sale in a "coordinated attempt to strip a non-judgment debtor of her property without Due Process of Law." She alleged against Ocean Ridge that the company knew that she was the owner and had notice of the irregularities of the sale.

Ocean Ridge and Comerica filed demurrers, Donna filed oppositions, and replies followed. The trial court sustained the demurrers and made its tentative ruling its order. An order of dismissal was entered on June 15, 2015. Donna filed a timely notice of appeal. Her sole argument is that the sale violated due process because she was not placed on notice or given an opportunity to be heard before the sale.

We review de novo the trial court's sustaining of the demurrer, and determine whether the complaint states a cause of action. (*Coast Plaza Doctors Hospital v. Blue Cross of California* (2009) 173 Cal.App.4th 1179, 1185–1186.) Donna argues that her due process rights were violated because as the owner of the property and a "former wife of a judgment-debtor" she did not receive "proper notice of a pre-deprivation hearing and a meaningful opportunity to be heard at such a pre-deprivation hearing."

"Community property is subject to enforcement of a money judgment as provided in the Family Code," and if community property is subject to the enforcement of a money judgment, any provision applying to the judgment debtor "also applies to the community property interest of the spouse of the judgment debtor." (Code Civ. Proc., § 695.020, subds. (a), (b)(1).)[2] "[T]he community estate is liable for a debt incurred by either spouse before or during marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to a judgment for the debt." (Fam. Code, § 910, subd. (a).) As a result, "all of the community property of [Gordon and Donna] was liable for the debts incurred by [Gordon] during the

---

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

marriage." (*Lezine v. Security Pacific Fin. Services, Inc.* (1996) 14 Cal.4th 56, 64 (*Lezine*).)

When Comerica obtained a money judgment against Gordon in July 2010 and when the abstract of judgment was recorded in Los Angeles County in August 2011, Gordon and Donna were married and not yet separated, and as their community property, the Corley Drive property was liable for Gordon's debt. Recording the abstract of judgment "creates a judgment lien that attaches to all real property situated in the county in which the judgment is recorded . . . . [Citation.] [¶] . . . [F]ollowing the division of property . . . the award of community real property to one spouse that is subject to a lien remains liable for satisfaction of the lien, i.e., the lien remains enforceable to satisfy the underlying debt." (*Lezine*, *supra*, 14 Cal.4th at pp. 64–65, fn. omitted.) Donna and Gordon's subsequent separation, divorce, and division of property awarding the Corley Drive property to Donna therefore did not affect the judgment lien on the property, as she "received the property subject to the lien, and the property remained liable for satisfaction of the lien, even though the underlying debt was assigned to" Gordon. (*Id.* at p. 65.)

Donna argues that she did not have "proper notice" of the sale or the proceedings resulting in the sale. Section 704.770, subdivision (b) requires notice to the judgment debtor (Gordon) and to an occupant of the property, neither of which described Donna. She does not allege that Gordon had no notice of the sale. Even if there were an error in notice of the sale, "[f]ailure to give notice of sale . . . does not invalidate the sale." (§ 701.560, subd. (a).)

In any event, the record shows that Donna had notice of the hearing and sale. On September 25, 2013, Comerica served Donna by mail with notice of a hearing scheduled for November 1, 2013 in Los Angeles Superior Court on the right to homestead exemption and the petition for sale. As we stated above, on March 18, 2014, the court granted Comerica an order for sale of the Corley Drive property. On May 27, 2014, Donna filed a complaint in Orange County for damages and equitable relief seeking an injunction to stop the sale scheduled for June 4, 2014. A temporary restraining order

4

issued, and on June 12, 2014, the Orange County trial court vacated the temporary restraining order and denied the request for injunction.

Given these facts, Donna has not shown that she was not given notice and an opportunity to be heard as required by due process. The demurrers were properly granted.

## DISPOSITION

The order is affirmed. Costs are awarded to Comerica Bank and Ocean Ridge Equities, LLC.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


LUI, J.


5